IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAVLOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INDYMAC BANK/ONE WEST BANK;<br>AZTEC FORECLOSURE CO.; MERS;<br>and DOES 1 through 250, inclusive,<br><br>　　　　Defendants.<br>_____/ | No. 2:10-cv-00752 WBS KJN PS<br><br><u>ORDER RE: STATUS (PRETRIAL</u><br><u>SCHEDULING) CONFERENCE</u><br><u>SCHEDULED FOR SEPTEMBER 2, 2010</u> |

A Status (Pretrial Scheduling) Conference in this case is presently scheduled for September 2, 2010, and the parties were obligated to file status reports no later than August 26, 2010. (Dkt. No. 3 at 2.) The court's docket reveals that the parties have not filed a joint status report, and none of the parties has filed an individual status report.[1] Despite the parties' failure to

---

[1] Some confusion might have arisen as a result of entry #4 on the court's docket. That "notice of docket correction" states: "Please disregard the previously issued new case documents (docket #3) which set a status conference for 4/2/10. Refer to the re-issued new case documents (docket #4) which has the correct the status conference hearing date of 9/2/10." (Dkt. No. 4.) Unfortunately, there are no re-issued new case documents linked to docket entry #4. In any event, the Order Setting Status Conference at docket entry #3 clearly states that the Status (Pretrial Scheduling) Conference will take place on September 2, 2010, at 10:00 a.m., and that

1

file status reports, the undersigned will leave the Status (Pretrial Scheduling) Conference on calendar so that the parties may address the status of this action, which is uncertain as a result of defendants' inactivity.

Although this foreclosure-related case was filed relatively recently, it already has a significant procedural history. Plaintiff, who is proceeding without counsel, filed his lawsuit in California Superior Court for the County of Yolo. (Dkt. No. 1.) On March 30, 2010, now-dismissed defendant Federal Deposit Insurance Corporation ("FDIC"),[2] as receiver for IndyMac Bank, FSB, removed this action to federal court. (Id. at 1.) Defendants One West Bank, FSB, as successor to IndyMac Bank, FSB, and Mortgage Electronic Registrations Systems, Inc., which asserts that it was erroneously sued as "MERS" (collectively, "Bank Defendants"), subsequently filed improperly noticed motions to: (1) dismiss plaintiff's complaint, or for a more definite statement (Dkt. No. 13); and (2) expunge multiple lis pendens recorded against the property that is at the center of this dispute (Dkt. No. 14). The Bank Defendants re-noticed their motions, and a hearing was ultimately set to take place on August 12, 2010, pursuant to the stipulation of the relevant parties. (Dkt. Nos. 18-20, 22.)

Upon receiving plaintiff's opposition to their motions, however, the Bank Defendants withdrew their motions on the ground that their motions "may address the wrong pleading." (Dkt. No. 26.) Specifically, the Bank Defendants' motions "may" address the claims contained in a separate lawsuit that plaintiff originally filed in the Superior Court for the County of Sacramento, which plaintiff previously dismissed based on the belief that he filed that action in an incorrect venue. (Dkt. Nos. 24 at 3, 26 at 2.) The court subsequently vacated the August 12, 2010 hearing.

---

status reports are to be filed "not later than seven days prior to the Status Conference." (Dkt. No. 3 at 2.)

[2] Plaintiff's complaint was dismissed with prejudice as to defendant Federal Deposit Insurance Corporation and IndyMac Bank pursuant to a stipulation of the parties, which was approved by the court. (Dkt. Nos. 10, 12.)

Although this procedural history is somewhat complicated, a few things are clear. First, the Bank Defendants have not taken any action in this case since withdrawing their motions. Specifically, they have not filed an answer to plaintiff's complaint. Second, defendant Aztec Foreclosure Co. ("Aztec") has taken no action in this lawsuit other than to file a "Notice of Filing Declaration Re: Non-Monetary Status" and an accompanying declaration, which, in essence, "agrees to be bound by whatever non-monetary Order of Judgment that this Court issued with regard to the Deed of Trust which is the subject of this lawsuit." (Dkt. No. 5.) Like the Bank Defendants, Aztec has not filed an answer to plaintiff's complaint. Third, as stated above, none of the parties has filed a status report in advance of the Status (Pretrial Scheduling) Conference, which will take place on September 2, 2010.

Despite the parties' failure to file status reports, the undersigned will leave the status conference on calendar for September 2, 2010. All of the parties should be prepared to discuss their respective reasons for failing to file a joint status report or individual status reports in advance of the Status (Pretrial Scheduling) Conference. They should also be prepared to address the topics listed in the Order Setting Status Conference. (Dkt. No. 3 at 2-3.) The parties may file a joint status report or individual status reports in advance of the Status (Pretrial Scheduling) Conference if it is feasible and they so desire.

The Banking Defendants and Aztec should also be prepared to address their respective failures to file answers to plaintiff's complaint, which has left this case in a state of limbo. These defendants should also be prepared to address why they should not be appropriately sanctioned, including through the entry of default, for not answering plaintiff's complaint. See, e.g., Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.").

Finally, the stipulated dismissal of FDIC—the only party that removed this case to federal court—raises a question regarding whether this case should be remanded to state court for

1 lack of subject matter jurisdiction.  FDIC removed this case pursuant to a particular statutory
2 authorization provided in 12 U.S.C. § 1819(b)(2)(A).  However, FDIC is no longer a party to this
3 action, and the parties have not previously asserted that this court has subject matter jurisdiction
4 over plaintiff's claims, all of which are premised on California law, absent invocation of Section
5 1819.  Accordingly, all of the parties should be prepared to address whether this case should be
6 remanded to state court.

7     For the reasons stated above, IT IS HEREBY ORDERED that the Status (Pretrial
8 Scheduling) Conference set for September 2, 2010, at 10:00 a.m., in Courtroom 25, <u>shall remain
9 on calendar</u>.  The parties shall be prepared to discuss the topics identified above.

10     IT IS SO ORDERED.

11 DATED:  August 30, 2010

14 _____
   KENDALL J. NEWMAN
15    UNITED STATES MAGISTRATE JUDGE