IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVAN RAVLOV,

    Plaintiff,                                             No. 2:10-cv-00752 WBS KJN PS

    v.

INDYMAC BANK/ONE WEST BANK;
AZTEC FORECLOSURE CO.; MERS;
and DOES 1 through 250, inclusive,

    Defendants.                                          ORDER and FINDINGS AND
                                           /                            RECOMMENDATIONS

        This matter came on for a status (pretrial scheduling) conference ("status conference") on September 2, 2010. (Dkt. No. 34.) Plaintiff, who is proceeding without counsel, appeared on his own behalf. Attorney Nancy S. Fong appeared on behalf of defendants One West Bank, FSB, as successor to IndyMac Bank, FSB, and Mortgage Electronic Registrations Systems, Inc., which asserts that it was erroneously sued as "MERS" (collectively, the "bank defendants"). No appearance was entered on behalf of defendant Aztec Foreclosure Corporation ("Aztec").

        In advance of the status conference, the undersigned advised the parties of concerns that the court lacked subject matter jurisdiction over plaintiff's claims, all of which are brought pursuant to California state law, as a result of the dismissal of the Federal Deposit

Insurance Corporation ("FDIC"), the only party to effectuate the removal. (Dkt. Nos. 28, 32.) For the reasons that follow, the undersigned will recommend that this action be remanded to state court because this court no longer has subject matter jurisdiction over plaintiff's claims or, alternatively, that the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.[1]

I. FACTUAL BACKGROUND

Although this residential foreclosure-related case was filed relatively recently, it already has a tortured procedural history. Much of that history is recounted in the court's order entered August 31, 2010 (Dkt. No. 28), and, accordingly, is not recounted here.

Plaintiff filed this action in California Superior Court for the County of Yolo. (Notice of Removal, Ex. A, Dkt. No. 1.) His complaint alleges claims for: (1) fraud; (2) intentional misrepresentation; (3) violation of California Civil Code § 2923.6, which pertains to a loan servicer's obligations, under certain circumstances, to offer loan modification or a loan workout plan under California law; (4) violation of California Civil Code § 1572, which provides a claim for "actual fraud" under California law; and (5) violation of California Business & Professions Code § 17200. Plaintiff alleges no claims arising under federal law.[2]

On March 30, 2010, now-dismissed defendant FDIC, as receiver for IndyMac Bank, FSB, removed this action to federal court. (Notice of Removal, Dkt. No. 1.) FDIC removed this action pursuant to 12 U.S.C. § 1819(b)(2)(A), which provides that "[e]xcept as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which

---

[1] At the status conference, the bank defendants indicated that they would stipulate to a remand to state court. Plaintiff indicated that he would not stipulate to a remand based on his preference to remain in federal court.

[2] At the status conference, plaintiff suggested that his complaint stated claims for relief arising under federal law. However, when pressed by the undersigned to identify such claims, plaintiff was unable to do so.

[FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."[3] Neither the bank defendants nor Aztec joined in the removal to federal court, and it appears that FDIC might have failed to serve the bank defendants and Aztec with notice of the removal. (See Bank Defendants' Status Report at 2, Dkt. No. 33.) Plaintiff's complaint was subsequently dismissed with prejudice as to defendants FDIC and IndyMac Bank pursuant to a stipulation of the parties, which was approved by the court. (Dkt. Nos. 10, 12.)

II.  DISCUSSION

Briefly stated, plaintiff, who initially filed this action in California state court, has not alleged any basis supporting the court's ongoing exercise of federal subject matter jurisdiction over his claims. FDIC removed this action pursuant to a statutory authorization particular to it, but has now been dismissed with prejudice. Additionally, the undersigned has reviewed plaintiff's complaint and has been unable to identify any claims arising under federal law, as suggested by plaintiff at the status conference.

As the undersigned stated at the status conference, because the court no longer has subject matter jurisdiction over plaintiff's state law claims, which are the only claims that remain, the undersigned will recommend that this action be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (recognizing a district court's obligation to remand a matter to state court where the district court lacks subject matter jurisdiction). Alternatively, to the extent that the court could exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, the undersigned will recommend that the court decline to exercise supplemental jurisdiction over plaintiff's claims because the state law claims are the only claims that remain. See 28 U.S.C. § 1367(c) (providing that a district court may decline to exercise supplemental

---

[3] None of the exceptions provided in 12 U.S.C. § 1819(b)(2)(D) applies here.

jurisdiction over state law claims where, among other things, the state law claims substantially predominate over the claims over which the court has original jurisdiction, or where the district court has dismissed all of the claims over which it has original jurisdiction).

III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the hearing on the bank defendants' motion to dismiss or for a more definite statement (Dkt. No. 29), presently set for October 21, 2010, is vacated.

It is FURTHER RECOMMENDED that:

1.     This action be remanded to the Superior Court of California, County of Yolo, on the grounds that this court no longer has subject matter jurisdiction over plaintiff's claims or, alternatively, that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

2.     All pending dates in this action be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

////

4

1       IT IS SO RECOMMENDED.

2 DATED: September 8, 2010

                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE